W. Vincent Grady, J.
Gary J. Sickler, Jr., was returned to this court for a hearing upon his application for a writ of error coram nobis to vacate a conviction for rape in the first degree involving a nine-year-old girl on which he was sentenced one day to natural life in Dutchess County Court on March 17, 1959. Defendant contends that he was not adequately represented by counsel and was induced to plead guilty by his attorney.
The evidence developed at the hearing does not bear out the contention of defendant.
Defendant conceded that no promises were made to him by the Judge or District Attorney. He then stated in his petition: ‘ ‘ Getting a life sentence did not enter my mind, and I was afraid to stand trial. Everything was against me, and I said no one will believe me because I have a past record. I have a bad record, and that is why I was afraid to take a chance, due to the fact that I have. If the District Attorney brought up my past record the jury would go against me and I would stand no chance at all by the court, so my attorney told me if I plead guilty, and believe me, I would expect to get two or three years.”
Michael Dahowski, Esq., a practicing attorney of Poughkeepsie, N. Y., since March 30, 1954, represented defendant at the time of his plea on February 10,1959 and sentence on March 17,1959. Mr. Dahowski stated that he advised the defendant to plead guilty after he had seen a statement of defendant in the District Attorney's office wherein defendant had admitted the crimes charged, and after he was furnished a copy of defendant’s *64 psychiatric report and after the defendant made certain revelations to him. He further stated that he did not tell the defendant that if he did plead guilty he would not get more than two or three years.
Based on the evidence presented it appears to this court that the defendant did not bargain away his plea of “ not guilty ” with the District Attorney, the court or defendant’s attorney, in expectation of leniency, and it further appears that defendant was adequately represented by the attorney assigned by the court.
The application is therefore denied and the motion of the District Attorney for the dismissal of the petition is granted.